IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 3:17-cv-00275-GCM<br><br>Chapter 11<br><br>Jointly Administered |

### ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE BY AND BETWEEN THE GARLOCK PARTIES AND FIREMAN'S FUND INSURANCE COMPANY

Having considered the "Debtors' Motion for Order Approving Settlement Agreement With Fireman's Fund Insurance Company" (the "Motion"), including the "Settlement Agreement and Release By and Between The Garlock Parties and Fireman's Fund" (the "Settlement Agreement"), which is attached as an exhibit to the Motion, and any objection to the Motion, it is hereby

FOUND AND DETERMINED THAT:

A.  The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a "core proceeding" under 28 U.S.C. § 157(b)(2). Venue of this bankruptcy case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.  Due and adequate notice of the Motion was provided to necessary parties in interest, including designated representatives of GST Asbestos Claimants and Coltec Asbestos Claimants, and a reasonable opportunity to object or be heard with respect to the Motion and relief requested in the Motion and in this Order has been provided to all parties in interest.

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; The Anchor Packing Company and OldCo, LLC, successor by merger to Coltec Industries Inc.

C. The Settlement Agreement is the product of arm's length, good faith negotiations by and between (i) the Garlock Parties[1] and (ii) Fireman's Fund.

D. The Garlock Parties' interests in the Fireman's Fund Policies are being sold to and transferred to Fireman's Fund free and clear of all Claims and interests in the Fireman's Fund Policies held by the Garlock Parties and free and clear of all Claims by the Garlock Parties that could give rise to a claim for defense, indemnity, or insurance coverage under the Fireman's Fund Policies.

E. Fireman's Fund is a good-faith purchaser of the Fireman's Fund Policies under Section 363(m) of the Bankruptcy Code.

F. Subject to entry of this order approving Motion, the Garlock Parties have agreed to identify Fireman's Fund as an Asbestos Protected Party pursuant to Sections 7.3.10 and 1.1.21(f) of the Plan.

G. The relief sought in the Motion is in the best interests of the Debtors, their respective estates, and their creditors.

H. The legal and factual bases set forth in the Motion establish just cause for granting the relief sought in the Motion. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED in its entirety, and all objections to the Motion are overruled.

2. The findings of fact set forth above and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052,

---

2 Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Settlement Agreement.

made applicable pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed.

3. The Settlement Agreement and any agreements, documents and instruments executed by agreement of the Parties in connection with or pursuant to the Settlement Agreement are approved in all respects.

4. The Garlock Parties are hereby authorized, empowered, and directed to take all necessary acts to carry out and implement the Settlement Agreement in accordance with its terms and conditions.

5. The Garlock Parties are authorized to execute any other documentation and perform such other ministerial tasks as may be necessary to effectuate the Settlement Agreement.

6. Subject to all of the terms and conditions of the Settlement Agreement, upon receipt in full of the Settlement Amount by the Garlock Debtors, the Garlock Parties shall release Fireman's Fund from any and all Claims with respect to the Fireman's Fund Policies.

7. Payment in full of the Settlement Amount by Fireman's Fund shall (i) terminate any and all obligations whatsoever of Fireman's Fund to the Garlock Parties under, arising out of, related to, or in connection with the Fireman's Fund Policies, and bar any further Claims or requests for coverage under any and all coverages of the Fireman's Fund Policies that might be made by the Garlock Parties; and, without limiting the foregoing, (ii) terminate any and all obligations whatsoever of Fireman's Fund to the Garlock Parties arising out of, related to, or in connection with Asbestos Claims, and bar any further Asbestos Claims against, or requests for coverage with respect to Asbestos Claims under, the Fireman's Fund Policies.

8. Payment of the Settlement Amount by Fireman's Fund shall constitute a purchase by Fireman's Fund from the Garlock Parties of any and all of the Garlock Parties' rights and interests in the Fireman's Fund Policies, free and clear of any liens, Claims or interests within the meaning of Sections 363(b)(1) and (f) of the Bankruptcy Code to the fullest extent permissible under the Bankruptcy Code and any other applicable law. Accordingly, without the need for any further action, all rights, title and interest of the Garlock Parties in the Fireman's Fund Policies shall be conveyed, assigned, and transferred to Fireman's Fund upon its payment in full of the Settlement Amount to the Garlock Debtors.

9. Pursuant to Sections 105 and 363 of the Bankruptcy Code, and subject to Fireman's Fund's payment in full of the Settlement Amount to the Debtors, all Entities on notice of the Motion (including Entities on notice through a court-appointed representative) that have held or asserted, that hold or assert, or that may in the future hold or assert any Claims or interests against any of the Fireman's Fund Policies, whenever or wherever arising or asserted (including all Claims or interests in the nature of or sounding in tort, contract, warranty or any other theory of law, equity or admiralty) shall be permanently stayed, restrained and enjoined from asserting any such Claim or interest against Fireman's Fund and from continuing, commencing, or otherwise proceeding or taking any action against Fireman's Fund to enforce such Claim or interest or for the purpose of directly or indirectly collecting, recovering or receiving payments from Fireman's Fund under the Fireman's Fund Policies with respect to any such Claim or interest.

10. Subject to the occurrence of the Effective Date, Fireman's Fund shall be protected from Asbestos Claims under the Plan and Asbestos Channeling Injunction as an Asbestos Protected Party.

11. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry, and the sale approved by this Order may close upon satisfaction or waiver of the conditions set forth in Section II of the Settlement Agreement.

12. Notice of the hearing on the Motion was fair and adequate under the circumstances and complied in all respects with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court and the procedural due process requirements of the United States Constitution.

13. All parties in interest have had the opportunity to object to the relief requested in the Motion and to the extent that objections to the Motion have not been withdrawn, waived or settled, such objections and all reservations of rights included in such objections are overruled on the merits. Any party who did not object, or who withdrew its objections, to the Motion is deemed to have consented to the relief requested, including to the sale of the Fireman's Fund Policies authorized under this Order pursuant to Section 363(f)(2) of the Bankruptcy Code.

14. This Court shall retain exclusive jurisdiction to decide any dispute arising under or related to, or any action brought to enforce the terms of, the Settlement Agreement.

SO ORDERED this ___ day of June, 2017

District Court Judge Graham C. Mullen