IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
**Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 3:17-cv-00275-GCM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER APPROVING DEBTORS' SETTLEMENT WITH SPX CORPORATION AND FAIRBANKS MORSE PUMP CORPORATION**

Having considered the "Debtors' Motion for an Order Approving Settlement Agreement With SPX Corporation and Fairbanks Morse Pump Corporation" (the "Motion"), and the "Amended and Restated Settlement Agreement Among the Coltec Parties, SPX, and FMPC" (the "Amended Settlement Agreement") and any objection to the Motion, it is hereby

FOUND AND DETERMINED THAT:

A. The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a "core proceeding" under 28 U.S.C. § 157(b)(2). Venue of this bankruptcy case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. Due and adequate notice of the Motion has been provided in substantial compliance with the Bankruptcy Rules and local rules and Orders of this Court, including, without limitation, to designated representatives of GST Asbestos Claimants and Coltec Asbestos Claimants, and a reasonable opportunity to object or be heard with respect to the Motion and relief requested in the Motion and in this Order has been provided to all parties in interest.

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; The Anchor Packing Company and OldCo, LLC, successor by merger to Coltec Industries Inc.

C. On May 22, 2017, the Coltec Parties and the SPX Parties entered into the Settlement Agreement Among the Coltec Parties, SPX and FMPC (the "Settlement Agreement").

D. After the Debtors filed the Motion, the Debtors received certain informal objections to the Settlement Agreement. To address and resolve such objections, the Coltec Parties and the SPX Parties agreed to certain amendments to the Settlement Agreement, and these parties executed the Amended Settlement Agreement which is attached as Exhibit A to the Debtor's Notice of Amended and Restated Settlement Agreement with SPX Corporation and Fairbanks Morse Pump Corporation.

E. The Debtors provided due and adequate notice of the Amended Settlement Agreement.

F. The Amended Settlement Agreement is the product of arm's length, good faith negotiations by and among the Coltec Parties and the SPX Parties.[2]

G. Subject to entry of this order approving Motion and the other conditions to effectiveness described in the Amended Settlement Agreement, the Coltec Parties have agreed to identify SPX, Pentair, and FMPC as Asbestos Protected Parties pursuant to Sections 7.3.10 and 1.1.21(f) of the Joint Plan.

H. The terms of the Amended Settlement Agreement fall within the range of reasonableness and represent the appropriate exercise of the Coltec Parties' business judgment.

I. The relief sought in the Motion is in the best interests of the Debtors, their respective estates, and their creditors.

J. The legal and factual bases set forth in the Motion establish just cause for granting the relief sought in the Motion.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Amended Settlement Agreement.

Now, therefore, after due deliberation, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED in its entirety.

2. All objections to the Motion are overruled.

3. The findings of fact set forth above and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052, made applicable under Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed.

4. The Amended Settlement Agreement and any agreements, documents and instruments executed by agreement of the Parties in connection with or pursuant to the Amended Settlement Agreement are approved in all respects pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code.

5. The parties to the Amended Settlement Agreement are hereby authorized and empowered to take all necessary acts to carry out and implement the Amended Settlement Agreement in accordance with its terms and conditions.

6. The Amended Settlement Agreement shall not become effective unless and until the occurrence of all the conditions to effectiveness described in the Amended Settlement Agreement.

7. Upon the effectiveness of the Amended Settlement Agreement, SPX, Pentair, and FMPC shall be protected from Asbestos Claims under the Joint Plan and Asbestos Channeling Injunction as an Asbestos Protected Party.

8. If and when made, any payment by the SPX Parties pursuant to the Amended

Settlement Agreement shall constitute a recovery from a Successor Entity within the meaning of Section 7.3.10 of the Joint Plan. The Amended Settlement Agreement shall not affect any rights the Asbestos Trust may have to receive contributions on account of any payment the Debtors may receive from Travelers pursuant to (a) a settlement described in paragraph III.5 of the Amended Settlement Agreement or (b) the Asbestos Funding CIP Agreement, except that any such payment made by Travelers for which the Debtors must reimburse the SPX Parties under paragraph III.7 of the Amended Settlement Agreement shall not be included as a recovery from an Additional Coltec Insurer under Section 7.3.10 of the Joint Plan.

9. All parties in interest have had the opportunity to object to the relief requested in the Motion and if objections to the Motion have not been withdrawn, waived or settled, such objections and all reservations of rights included in such objections are overruled on the merits. Any party who did not object, or who withdrew its objections, to the Motion is deemed to have consented to the relief requested.

10. This Court shall retain exclusive jurisdiction to decide any dispute arising under or related to, or any action brought to enforce the terms of, the Amended Settlement Agreement.

SO ORDERED this 12th day of June, 2017

*Graham C. Mullen*
District Court Judge Graham C. Mullen