FILED
CHARLOTTE, NC
JUN 1 2 2017
US District Court
Western District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

IN RE:

GARLOCK SEALING TECHNOLOGIES LLC, et al.,

Debtors.[1]

Case No. 3:17-cv-00275-GCM

Chapter 11

Jointly Administered

## ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE AMONG THE COLTEC PARTIES, CENTURY INDEMNITY COMPANY, SPX, AND FMPC

Having considered the "Debtors' Motion for Order Approving Settlement Agreement With Century Indemnity Company, SPX and FMPC" (the "Motion"), including the "Settlement Agreement and Release Among the Coltec Parties, Century, SPX and FMPC" (the "Settlement Agreement"), which is attached as an exhibit to the Motion, and any objection to the Motion, it is hereby

FOUND AND DETERMINED THAT:

A. The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a "core proceeding" under 28 U.S.C. § 157(b)(2). Venue of this bankruptcy case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. Due and adequate notice of the Motion was provided to necessary parties in interest, including designated representatives of GST Asbestos Claimants and Coltec Asbestos Claimants, and a reasonable opportunity to object or be heard with respect to the Motion and relief requested in the Motion and in this Order has been provided to all parties in interest.

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; The Anchor Packing Company and OldCo, LLC, successor by merger to Coltec Industries Inc.

C. The Settlement Agreement is the product of arm's length, good faith negotiations by and among (i) the Coltec Parties, (ii) Century, and (iii) SPX and FMPC.[2]

D. Subject to entry of this order approving the Motion, the Coltec Parties have agreed to identify Century and its parent corporations, divisions, assigns, predecessors and successors, and their shareholders, officers, directors, employees, attorneys, agents and representatives as Asbestos Protected Parties pursuant to Sections 7.3.10 and 1.1.21(f) of the Plan.

E. The relief sought in the Motion is in the best interests of the Debtors, their respective estates, and their creditors.

F. The legal and factual bases set forth in the Motion establish just cause for granting the relief sought in the Motion. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED in its entirety, and all objections to the Motion are overruled.

2. The findings of fact set forth above and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed.

3. The Settlement Agreement and any agreements, documents, and instruments executed by agreement of the Parties in connection with or pursuant to the Settlement Agreement are approved in all respects.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Settlement Agreement.

4. The Coltec Parties are hereby authorized, empowered, and directed to take all necessary acts to carry out and implement the Settlement Agreement in accordance with its terms and conditions.

5. The Coltec Parties are authorized to execute any other documentation and perform such other ministerial tasks as may be necessary to effectuate the Settlement Agreement.

6. Subject to all of the terms and conditions of the Settlement Agreement, upon satisfaction of all conditions to the effectiveness of the Settlement Agreement and receipt in full of the Settlement Amount by the Coltec Parties, the Parties shall be deemed to have released each other as set forth in the Settlement Agreement.

7. Payment in full of the Settlement Amount by Century shall terminate any and all obligations whatsoever of Century to the Coltec Parties and the SPX Parties with respect to Asbestos Claims under the INA Policies.

8. Subject to the occurrence of the Effective Date, Century and its parent corporations, divisions, assigns, predecessors and successors, and their shareholders, officers, directors, employees, attorneys, agents and representatives shall be protected from Asbestos Claims under the Settlement Agreement, the Plan, and the Asbestos Channeling Injunction as an Asbestos Protected Parties.

9. Notice of the hearing on the Motion was fair and adequate under the circumstances and complied in all respects with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court, and the procedural due process requirements of the United States Constitution.

10. All parties in interest have had the opportunity to object to the relief requested in the Motion and to the extent that objections to the Motion have not been withdrawn, waived or

settled, such objections and all reservations of rights included in such objections are overruled on the merits. Any party who did not object, or who withdrew its objections, to the Motion is deemed to have consented to the relief requested.

11. This Court shall retain exclusive jurisdiction to decide any dispute arising under or related to, or any action brought to enforce the terms of, the Settlement Agreement.

SO ORDERED this 12th day of June, 2017.

*Graham C. Mullen*
District Court Judge Graham C. Mullen