# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 3:17-cv-00275-GCM<br><br>Chapter 11<br><br>Jointly Administered |

## ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE BETWEEN THE COLTEC PARTIES AND EMPLOYERS MUTUAL CASUALTY COMPANY

Having considered the "Debtors' Motion for Order Approving Settlement Agreement With Employers Mutual Casualty Company" (the "Motion"), including the "Settlement Agreement and Release Between the Coltec Parties and Employers Mutual Casualty Company" (the "Settlement Agreement"), which is attached as an exhibit to the Motion, and any objection to the Motion, it is hereby

FOUND AND DETERMINED THAT:

A. The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a "core proceeding" under 28 U.S.C. § 157(b)(2). Venue of this bankruptcy case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. Due and adequate notice of the Motion was provided to necessary parties in interest, including designated representatives of GST Asbestos Claimants and Coltec Asbestos Claimants, and a reasonable opportunity to object or be heard with respect to the Motion and relief requested in the Motion and in this Order has been provided to all parties in interest.

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; The Anchor Packing Company and OldCo, LLC, successor by merger to Coltec Industries Inc.

C.   The Settlement Agreement is the product of arm's length, good faith negotiations by and among the Coltec Parties and Employers Mutual.[2]

D.   Subject to entry of this order approving Motion, the Coltec Parties have agreed to identify Employers Mutual as an Asbestos Protected Party pursuant to Sections 7.3.10 and 1.1.21(f) of the Plan.

E.   The relief sought in the Motion is in the best interests of the Debtors, their respective estates, and their creditors.

F.   The legal and factual bases set forth in the Motion establish just cause for granting the relief sought in the Motion. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.   The Motion is GRANTED in its entirety, and all objections to the Motion are overruled.

2.   The findings of fact set forth above and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed.

3.   The Settlement Agreement and any agreements, documents and instruments executed by agreement of the Parties in connection with or pursuant to the Settlement Agreement are approved in all respects.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Settlement Agreement.

4. The Coltec Parties are hereby authorized, empowered, and directed to take all necessary acts to carry out and implement the Settlement Agreement in accordance with its terms and conditions.

5. The Coltec Parties are authorized to execute any other documentation and perform such other ministerial tasks as may be necessary to effectuate the Settlement Agreement.

6. In consideration of Employers Mutual's payment of the Settlement Amount, any and all obligations whatsoever of Employers Mutual to the Coltec Parties under, arising out of, related to, or in connection with the Employers Mutual Policy are terminated as of the Effective Date, but the Coltec Parties are in no way prevented or restricted from enforcing their right to payment of the Settlement Amount under the Settlement Agreement.

7. Subject to the occurrence of the Effective Date, Employers Mutual shall be protected from Asbestos Claims under the Plan and Asbestos Channeling Injunction as an Asbestos Protected Party.

8. Notice of the hearing on the Motion was fair and adequate under the circumstances and complied in all respects with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court and the procedural due process requirements of the United States Constitution.

9. All parties in interest have had the opportunity to object to the relief requested in the Motion and to the extent that objections to the Motion have not been withdrawn, waived or settled, such objections and all reservations of rights included in such objections are overruled on the merits. Any party who did not object, or who withdrew its objections, to the Motion is deemed to have consented to the relief requested.

10. This Court shall retain exclusive jurisdiction to decide any dispute arising under or related to, or any action brought to enforce the terms of, the Settlement Agreement.

SO ORDERED this 12th day of June, 2017.

*District Court Judge Graham C. Mullen*